# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GENERAL MOTORS CORPORATION : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-2195 |
| SCHNEIDER LOGISTICS, INC.. : | |

## Memorandum and Order

YOHN, J.                                                                                                                                  October ___, 2006

      Plaintiff General Motors Corporation ("GM") brings this diversity action for breach of contract against defendant Schneider Logistics, Inc. ("SLI") alleging that SLI failed to acquire proper insurance for personal injury liability as required by the parties' agreement for logistic services ("GM-SLI Agreement").  SLI has filed a motion to dismiss or transfer for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and a motion to dismiss for failure to state a claim pursuant Federal Rule of Civil Procedure 12(b)(6).  In the alternative, SLI moves for transfer of venue to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).  For the foregoing reasons, I will deny SLI's motions to dismiss or transfer for improper venue and to dismiss for failure to state a claim.  Further, I will deny SLI's motion to transfer this action to the Eastern District of Wisconsin.

**I. Factual & Procedural Background**

      GM makes the following allegations in its complaint: GM is a Delaware corporation with its principle place of business in Detroit, Michigan.  (Compl. 1.)  SLI, a logistics company, is a

Georgia Corporation with its principal place of business in Green Bay, Wisconsin. (*Id.*) GM and SLI entered into the GM-SLI Agreement in December of 2000. (Ex. A of Compl.) In that agreement, which became effective on January 1, 2001, SLI, among other things, agreed to provide GM with transportation, distribution, and logistics services. (Compl. 2.) GM asserts that the GM-SLI Agreement provided that SLI would maintain comprehensive general liability insurance for the term of the agreement with coverage not less than $5,000,000 per incident. (*Id.* at 3-4.) In addition, the GM-SLI Agreement required SLI to furnish insurance certificates before rendering services to GM as proof of having such insurance. (*Id.* at 4.) The GM-SLI Agreement further provided that any carriers hired by SLI to render services to GM "shall be considered [SLI's] employees, agents or independent contractors, and shall not be considered to be employees, agents or independent contractors of [GM]." (*Id.* at 4.) GM also asserts that the GM-SLI Agreement required such carriers to maintain general liability insurance for the term of the agreement with minimum limits of coverage not less that $1,000,000 per incident, name SLI as a certificate holder of the insurance policy, and cause the insurance company to issue insurance certificates to SLI as proof of compliance. (*Id.* at 5.) Finally, the GM-SLI Agreement contained a choice of law provision providing for the application of Michigan law. (*See* Pl.'s Mem. in Opp'n of Mot. to Dismiss 16.)

On April 29, 2002, SLI entered into an agreement with Exel Logistics, Inc. ("Exel") whereby SLI obtained the services of Exel as a carrier under the GM-SLI Agreement. (Compl. 2.) Thereafter, Patrick Waldron, an employee of Exel, sustained personal injuries from a slip and fall while transporting GM's freight. (*Id.*) On or about August 4, 2003, Waldron and his wife filed suit ("Waldron action") against GM in the Court of Common Pleas of Philadelphia County.

(*See* Ex. C to Compl.)  GM successfully removed the Waldron action to this court. Subsequently, SLI demanded that Exel defend and indemnify SLI and GM in the Waldron action. (*Id*. at 5.)  According to GM, Exel had not named SLI as an additional insured under Exel's insurance policy and refused to defend and indemnify SLI and GM in the Waldron action.  (*Id*.) Although GM denied the allegations of the complaint in the Waldron action, GM settled the action with the Waldrons and the action was dismissed.  (*Id*. at 2.)

On May 24, 2006, GM filed the instant complaint against SLI.  The complaint alleges that Exel's negligence formed the basis of the Waldron action.  (Compl. 3.)  GM asserts that SLI breached the terms of the SLI-Agreement by failing to acquire the minimum insurance coverage for general liability (*id*.), and by failing to obtain the necessary proof that Exel carried the proper insurance coverage and had named SLI as an insured under its policy (*id*. at 5).  SLI has filed motions to dismiss for improper venue and for failure to state a claim pursuant to subsections (b)(3) and (b)(6) of Federal Rule of Civil Procedure 12, respectively; and in the alternative, a motion to transfer under 28 U.S.C. § 1404.

## II. Discussion

### A. Motion to Dismiss for Improper Venue

The defendant bears the burden of proving that venue is improper.  *Myers v. Am. Dental Assoc.*, 695 F.2d 716, 724-25 (3d Cir. 1981).  As subject matter jurisdiction in this case is based solely on diversity of citizenship, the statute governing venue is 28 U.S.C. § 1391(a), which provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district

where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). For the purposes of venue, a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). When venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

SLI asserts that venue is improper under § 1391(a)(1) and (a)(2). (Mot. to Dismiss 7-9.) First, SLI argues that GM improperly relies on § 1391(a)(2) because the alleged events and omissions underlying GM's breach of contract claim did not occur in this district. (Mot. to Dismiss 7-8.) SLI supports its argument with allegations that the GM-SLI Agreement was formed in Wisconsin, the alleged breach occurred in Wisconsin, and any damage to GM was felt in Michigan. (*Id*. at 8.) In addition, SLI points out that the events giving rise to the Waldron action took place in New York, and that the only connection to this district is the fact that the Waldron action was filed here. (*Id*.) While SLI's argument for improper venue under § 1391(a)(2) may be valid, this court need not decide that issue because it finds that venue is proper under § 1391(a)(1).

SLI incorrectly argues that venue is improper under § 1391(a)(1), which provides for venue "in a judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(a)(1). In its argument in support of dismissal for improper venue, SLI,

quoting 28 U.S.C. § 1332(c)(2), asserts that "[i]n diversity jurisdiction cases such as this, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" (*Id.*)  SLI's argument is incorrect because § 1332 is appropriate for assessing this court's subject matter jurisdiction for diversity actions, which SLI does not contest; it is inappropriate in determining whether venue is proper.  Rather, the controlling statute for determining whether venue is proper in a diversity action is § 1391.  As stated above, for venue purposes, SLI resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (holding "[v]enue is proper... in the Eastern District of Pennsylvania, where defendant transacts business and is therefore subject to personal jurisdiction").  SLI does not raise any objection to personal jurisdiction.  Because SLI is subject to personal jurisdiction in this district, venue is proper under § 1391(a)(1).  *See Jumara*, 55 F.3d at 879.  I will therefore deny SLI's motion to dismiss or transfer for improper venue.

**B.  Motion to Dismiss for Failure to State a Claim**

When deciding whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is testing the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In making its ruling, the court must accept as true all well-pled allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  "The issue is not whether [the claimant] will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claim." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). Courts will grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

SLI argues that even if all the allegations in GM's complaint are accepted as true, the complaint still fails to state a claim, specifically a breach of contract claim under Michigan law. This court disagrees.  The essential elements for breach of contract under Michigan law are: "1) the existence of a contract between the parties, 2) the terms of the contract, 3) that defendant breached the contract, and 4) that the breach caused the plaintiff injury." *Timmis v. Sulzer Intermedics, Inc.*, 157 F. Supp. 2d 775, 777 (E.D. Mich. 2001) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)).  In its complaint, GM alleges a binding contract existed between GM and SLI (Compl. 2), and provides the relevant terms of the contract (*id*. at 3-5).  Further, the complaint provides that SLI breached those terms (*id*. at 5-9), and that the breach caused GM to pay $1,350,000.00 in settlement costs in the Waldron action and $54,455.08 in defense costs (*id*. at 8).  Therefore, because GM's complaint states a claim for breach of contract under Michigain law, I will deny SLI's motion to dismiss for failure to state a claim.

**C.  Motion to Transfer**

The decision to grant a motion for a change of venue lies within the broad discretion of the district court, but should not be liberally granted.  *Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Superior Precast Ins. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 445 (E.D. Pa. 1999).  The controlling statute, 28 U.S.C. § 1404, provides: "For the convenience of parties

and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). While the discretion to transfer is broad, the defendant bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district. *Jumara*, 55 F.3d at 879.

The Third Circuit has enumerated a host of public and private factors to aid in determining when to allow a transfer of venue. *Id*. The private interests to be considered include: 1) plaintiff's choice of forum; 2) defendant's choice of forum; 3) where the claim arose; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable at trial; and 6) the location of the books and records, similarly limited to the extent that files could not be produced in the alternative forum. *Id*. The public interests to be considered include: 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) judge familiarity with the applicable state law. *Id*. at 879-80. While examining these factors courts must be mindful that the plaintiff's choice of forum is generally entitled to great weight. *Id*. However, if the plaintiff is not a resident of the district in which the case is brought and the claim arose elsewhere, then the plaintiff's choice is granted less deference. *United States v. Klearman*, 82 F. Supp. 2d 372, 375 (E.D. Pa. 1999); *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 289 (D. Del. 1986) (stating "a defendant's burden with respect to plaintiff's choice of forum is easier to meet where the plaintiff has not brought suit on its 'home turf'").

SLI moves to transfer this action to the Eastern District of Wisconsin. The action could have initially been filed in the Eastern District of Wisconsin because SLI "resides" and is subject to personal jurisdiction of that district. *See* 28 U.S.C. § 1391(a)(1). Further, a substantial part of the events or omissions giving rise to GM's breach of contract claim occurred there. *See* 28 U.S.C. § 1391(a)(2). Therefore, this court must weigh the public and private factors to determine whether transfer to the Eastern District of Wisconsin is appropriate. For the foregoing reasons, this court finds SLI has not satisfied its burden of showing that convenience and justice would be served by transferring the action to the Eastern District of Wisconsin. Therefore, I will deny SLI's motion to transfer.

**1. Private Interest Factors**

The private interest factors do not sufficiently support transfer to the Eastern District of Wisconsin. With regard to the parties' choices of forum, although the plaintiff's choice of forum is generally granted great weight, *Jumara*, 55 F.3d at 879, GM's decision to file in this district is granted less deference because GM is no more a resident of the Eastern District of Pennsylvania than it is of the Eastern District Wisconsin. *See Klearman*, 82 F. Supp. 2d at 375; *Pennwalt Corp.*, 659 F. Supp. at 289. Nonetheless, GM's choice of forum is still entitled to consideration. *Jumara*, 55 F.3d at 879; *see also Pennwalt Corp.*, 659 F. Supp. at 289.

GM's choice of forum is also entitled to less deference because GM's breach of contract claim arose elsewhere. GM argues that its breach of contract claim arose in this district because the underlying Waldron action and the payment of the settlement amount in that action occurred here. (Pl.'s Mem. in Opp'n of Mot. to Dismiss 12-13.) GM's argument lacks merit because a breach of contract claim arises at the place of performance of the contract. *See, e.g., Hudson*

*Marine Mgmt. Serv.'s, Inc. v. Thomas Miller Inc.*, 2006 U.S. Dist. LEXIS 47900, at *6 (D.N.J. July 13, 2006); *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 444 (E.D. Pa. 1999).  GM's breach of contract claim essentially arises from SLI's alleged omission of obtaining the agreed upon amount of insurance and verifying that it was an insured under Exel's insurance policy.  (Compl. 6-9.)  These alleged omissions or nonperformance took place at SLI's principal place of business, which is located in Wisconsin.  Therefore, the breach of contract claim arose in Wisconsin.  (*See* Mot. to Dismiss 20.)  This factor weighs slightly in favor of transfer.

      The convenience of the parties also slightly supports transfer.  GM is a Delaware corporation with its principle place of business in Michigan. (*See* Compl. 1.)  SLI is a Georgia corporation with its principle place of business in Wisconsin.  (*Id.*)  With regard to the parties' physical locations, transfer will not greatly burden GM because Wisconsin is contiguous to Michigan, which is the location of GM's principal place of business and global headquarters.  (Mot. to Dismiss 20.)  On the other hand, the convenience for SLI will be increased because the Eastern District of Wisconsin is the location of SLI's principal place of business.  (*See* Compl. 1.)  Further, the financial condition of both parties also supports transfer.  Financially, the convenience of both parties would be increased if the instant action were litigated in the Eastern District of Wisconsin, a venue closer to the parties' principal places of business.  Thus, the convenience of the parties weighs in favor of transfer.

      However, the remaining private interest factors, the convenience of the witnesses and the location of the records and files, do not support transfer.  In considering the convenience of the witnesses and the location of records and files, the Supreme Court stated that "the District Court

must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  Here, the substance of GM's claim is that SLI breached the GM-SLI Agreement by failing to acquire the minimum amount of insurance coverage, and by failing to verify that Exel added SLI as an insured under its insurance policy. (Compl. 6-9.)  GM alleges that SLI's breach caused GM to defend the Waldron action and pay the settlement amount.  Therefore, the dispute in the instant action will require interpreting the language and scope of the GM-SLI Agreement, and will likely require witnesses from SLI, GM, Exel, and the parties involved in the Waldron action.

The potential party and non-party witnesses are from several states, including Pennsylvania, New York, Michigan (GM's principal place of business), Wisconsin (SLI's principal place of business), Ohio (Exel's principal place of business), and Massachusetts, which weighs against transfer.  (*See* Compl. 14; Mot. to Dismiss 21.)  In examining the convenience of the witnesses factor, this court focuses on the convenience of non-party witnesses.  *See Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 570 (M.D. Pa. 1999) (stating "[p]arty witnesses are presumed to be willing to testify in either forum despite any inconvenience... The convenience of non-party witnesses is the main focus").  SLI asserts that transfer is appropriate because its list of potential witnesses includes employees of its insurance broker, Steve Kotler of Marsh USA, Inc., which is located within the 100-mile subpoena power of the Eastern District of Wisconsin.  (Mot. to Dismiss 21.)  However, SLI does not proffer any reason as to why their potential witnesses would be unavailable at trial in this district.  (*See id.*)

Further, in order to prove that SLI's breach of contract caused GM injury, *see Timmis*, 157 F. Supp. 2d at 777 (citing *Webster*, 197 F.3d at 819), GM will have to show that Exel's negligence, and not solely GM's negligence, was the cause of Waldron's injuries. (Pl.'s Mem. in Opp'n of Mot. to Dismiss 2, 13-14.) This is so because if GM's negligence was the sole cause of the events underlying the Waldron action, then SLI and its carrier, Exel, would not be liable for the Waldron action and SLI's breach of contract would not have caused GM's injury. Therefore, the instant action will require the testimony of non-party witnesses related to the Waldron action, including the Waldrons, who reside in the this district; employees of Exel residing in this district and in Massachusetts; and witnesses residing in New York who observed the events underlying the Waldron action. (*Id*. at 14.) For these witnesses, it is more convenient for the instant action to be litigated in this district rather than the Eastern District of Wisconsin. Therefore, the convenience of the witnesses factor weighs very heavily against transfer.

The final factor, the location of documents and files, also weighs slightly against transfer. The dispute between the parties will require files and records from GM, SLI, Exel, and the Waldron action. GM avers that the files from the Waldron action are located in this district. (*Id*. at 15.) In addition, a number of the relevant files and records in this case have also already been submitted to this court with the pleadings. Finally, SLI has not shown that this case presents a situation where there is a large volume of documents that cannot be transported at comparatively low costs. *See Pennwalt Corp.*, 659 F. Supp. at 290. Thus, this factor weighs against of transfer.

## 2. Public Interest Factors

The public interest factors do not sufficiently support transfer. With regard to the enforceability of the judgment factor, SLI simply states that any judgment obtained by GM in this

11

district will have to be enforced in Wisconsin.  (Mot. to Dismiss 22.)  SLI does not cite any authority or provide any explanation for its conclusory statement that the enforceability of this district's judgment supports transfer.  (*Id*.)  SLI also asserts that transferring the case to the Eastern District of Wisconsin will reduce expenses and the burden of litigation.  (Mot. to Dismiss 23.)  This court disagrees.  As stated above, the burden and costs of litigation with regard to the discovery of files and records would not be significantly reduced by transfer.  Further, SLI's assertion that transfer would enable SLI to secure the participation of non-party witnesses within the 100-mile subpoena power of the Wisconsin court is unsupported by any allegations of fact.  (*See* Mot. to Dismiss 23.)  SLI does not name any potential witnesses and their materiality to the litigation.  (*Id.*)  GM, however, alleges that some of the witnesses related to the Waldron action reside in this district (Pl.'s Mem. in Opp'n of Mot. to Dismiss 2, 13-14), which weighs against transfer.

      SLI asserts that transfer is appropriate because "of the less burdened nature of the Eastern District of Wisconsin's docket," and provides relevant statistical data.  (Mot. to Dismiss 23.)  SLI argues that the case will be resolved more quickly if it is transferred to the Eastern District of Wisconsin.  (*Id*. at 23-24.)  However, the statistical data SLI bases its argument upon reflects that the disparity in time of disposition is minimal.  The median time for disposition of civil actions from filing to trial is 20.8 months in this district, and 20.3 months in the Eastern District of Wisconsin.  (*Id*.)  Therefore, the statistical data on the dockets of each district do not support transfer.  *See Burstein v. Applied Extrusion Tech.'s*, 829 F. Supp. 106, 114 (D. Del. 1992).

      The local interest in deciding local controversies at home and the public policies of the fora are not relevant factors in this case.  GM and SLI are not incorporated in Pennsylvania, and

their principal places of business are not located in this state. (Compl. 1.) Further, as stated above, the breach of contract claim did not arise in here, but rather in Wisconsin. SLI proffers no argument with regard to the public policy of the Eastern District of Wisconsin and this case.

SLI's final argument in support of transfer deals with the Michigan choice of law clause in the GM-SLI Agreement. (Mot. to Dismiss 25.) SLI asserts that courts in Wisconsin can better apply Michigan law than a court in this district because Wisconsin is contiguous with Michigan. (*Id*.) This court disagrees. A district court in the Eastern District of Wisconsin would still have to apply the law of a different state. Further, this case does not present a complex claim under Michigan law. GM's claim is for breach of contract, and the elements required to show breach of contract under Michigan law are not unique to that state. *See Timmis*, 157 F. Supp. 2d at 777 (citing *Webster*, 197 F.3d at 819). Thus, the public interest factor of judicial familiarity with the applicable state law militates neither in favor of transfer nor against it.

After weighing the public and private interests, this court finds that SLI has not satisfied its burden of showing convenience and justice would be served by transferring the instant action to the Eastern District of Wisconsin. Therefore, I will deny SLI's motion to transfer.

### III.  Conclusion

For the aforementioned reasons, I will deny SLI's motion to dismiss or transfer for improper venue, and will deny SLI's motion to dismiss for failure to state a claim. Likewise, SLI's motion to transfer the action to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404 will be denied.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL MOTORS CORPORATION : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-2195 |
| SCHNEIDER LOGISTICS, INC.. : | |

## Order

YOHN, J.

     **AND NOW** on this _____ day of October 2006, upon consideration of defendant's motion to dismiss or transfer for improper venue, motion to dismiss for failure to state a claim, motion to transfer under 28 U.S.C. § 1404 to the Eastern District of Wisconsin, and plaintiff's responses thereto, **IT IS HEREBY ORDERED** that:

1. Defendant's Rule 12(b)(3) motion to dismiss or transfer for improper venue is denied.

2. Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim is denied.

3. Defendant's motion to transfer under 28 U.S.C. § 1404 is denied.

                                                    s/ William H. Yohn Jr.
                                                 William H. Yohn Jr., Judge